UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

MARTA HANYZKIEWICZ, Individually,
and On Behalf of All Others Similarly
Situated,

                                        Plaintiff,

                   -against-

CRUNCH, LLC.,

                                        Defendant.

-------------------------------------------------------------x

Case No.: 1:22-cv-3984

## <u>DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT</u>

Defendant, CRUNCH, LLC., (hereinafter "Defendant"), by and through its attorneys, Jackson Lewis P.C., for its Answer to Plaintiff's Class Action Complaint (the "Complaint") herein, states as follows:

1.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 1 of Plaintiff's Complaint.

2.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 2 of Plaintiff's Complaint.

3.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 3 of Plaintiff's Complaint.

4.      Defendant denies the allegations set forth in Paragraph 4 of the Complaint.

5.      Defendant denies the allegations set forth in Paragraph 5 of the Complaint.

## AS TO "JURISDICTION AND VENUE"

6.      Defendant denies the allegations set forth in Paragraph 6 of the Complaint, except admits Plaintiff purports to invoke this Court's jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. §12182, *et seq.*

7.      Defendant denies the allegations set forth in Paragraph 7 of the Complaint, except admits Plaintiff purports to invoke this Court's jurisdiction pursuant to 28 U.S.C. § 1367 and N.Y.C. Admin. Code § 8-101 *et seq.*

8.      Defendant denies the allegations set forth in Paragraph 8 of the Complaint, except admits Plaintiff purports to invoke that venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(1) and (2).

9.      Defendant denies the allegations in Paragraph 9 of Plaintiff's Complaint as conclusions of law to which no response is required.  To the extent a response is deemed to be required, the allegations in Paragraph 9 of Plaintiff's Complaint are denied.

10.      Defendant denies the allegations set forth in Paragraph 10 of the Complaint, except admits Plaintiff purports to invoke this Court's power to issue declaratory relief under 28 U.S.C. §§2201 and 2202.

## AS TO "THE PARTIES"

11.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 11 of Plaintiff's Complaint.

12.      Defendant denies the allegations in Paragraph 12 of Plaintiff's Complaint as conclusions of law to which no response is required.  To the extent a response is deemed to be required, the allegations in Paragraph 12 of Plaintiff's Complaint are denied.

13.     Defendant denies the allegations set forth in Paragraph 6 of the Complaint, except admits Plaintiff purports to invoke this Court's jurisdiction pursuant to 28 U.S.C. §§ 1331.

14.     Defendant denies the allegations in Paragraph 14 of Plaintiff's Complaint as conclusions of law to which no response is required.  To the extent a response is deemed to be required, the allegations in Paragraph 14 of Plaintiff's Complaint are denied.

## AS TO "NATURE OF ACTION"

15.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 15 of Plaintiff's Complaint.

16.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 16 of Plaintiff's Complaint.

17.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 17 of Plaintiff's Complaint.

18.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 18 of Plaintiff's Complaint.

19.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 19 of Plaintiff's Complaint.

20.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 20 of Plaintiff's Complaint, including subsections 20(a) through 20(q).

## AS TO "STATEMENT OF FACTS"

21.     Defendant denies the allegations set forth in Paragraph 21 of the Complaint, except admits that it owns and operates www.crunch.com.

22.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 22 of Plaintiff's Complaint

23.    Defendant denies the allegations in Paragraph 23 of Plaintiff's Complaint and respectfully refers the Court to the website identified therein for its true and accurate content and function.

24.    Defendant denies the allegations in Paragraph 24 of Plaintiff's Complaint and respectfully refers the Court to the website identified therein for its true and accurate content and function.

25.    Defendant denies the allegations in Paragraph 25 of Plaintiff's Complaint and respectfully refers the Court to the website identified therein for its true and accurate content and function.

26.    Defendant denies the allegations in Paragraph 26 of Plaintiff's Complaint and respectfully refers the Court to the website identified therein for its true and accurate content and function.

27.    Defendant denies the allegations in Paragraph 27 of Plaintiff's Complaint and respectfully refers the Court to the website identified therein for its true and accurate content and function.

28.    Defendant denies the allegations in Paragraph 28 of Plaintiff's Complaint and respectfully refers the Court to the website identified therein for its true and accurate content and function.

29.    Defendant denies the allegations set forth in Paragraph 29 of the Complaint.

30.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 30 of Plaintiff's Complaint.

31.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 31 of Plaintiff's Complaint.

32.    Defendant denies the allegations set forth in Paragraph 32 of the Complaint.

33.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 33 of Plaintiff's Complaint.

34.    Defendant denies the allegations set forth in Paragraph 34 of the Complaint.

35.    Defendant denies the allegations set forth in Paragraph 35 of the Complaint.

36.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 36 of Plaintiff's Complaint.

37.    Defendant denies the allegations set forth in Paragraph 37 of the Complaint.

38.    Defendant denies the allegations set forth in Paragraph 38 of the Complaint, including subparagraphs (a) through (c) alleged therein.

39.    Defendant denies the allegations set forth in Paragraph 39 of the Complaint.

40.    Defendant denies the allegations in Paragraph 40 of Plaintiff's Complaint as conclusions of law to which no response is required.  To the extent a response is deemed to be required, the allegations in Paragraph 40 of Plaintiff's Complaint are denied.

41.    Defendant denies the allegations set forth in Paragraph 41 of the Complaint, including subparagraphs (a) through (d) alleged therein.

42.    Defendant denies the allegations set forth in Paragraph 42 of the Complaint.

43.    Defendant denies the allegations set forth in Paragraph 43 of the Complaint.

44.    Defendant denies the allegations set forth in Paragraph 44 of the Complaint.

## AS TO "CLASS ACTION ALLEGATIONS"

45.     Defendant denies the allegations in Paragraph 45 of Plaintiff's Complaint as conclusions of law to which no response is required.  To the extent a response is deemed to be required, the allegations in Paragraph 45 of Plaintiff's Complaint are denied.

46.     Defendant denies the allegations in Paragraph 46 of Plaintiff's Complaint as conclusions of law to which no response is required.  To the extent a response is deemed to be required, the allegations in Paragraph 46 of Plaintiff's Complaint are denied.

47.     The allegations in Paragraph 47 of the Complaint, including subparagraphs (a) through (d), constitute conclusion of law to which no response is required. To the extent that a response is necessary, Defendant denies the allegations set forth therein.

48.     The allegations in Paragraph 48 of the Complaint constitute conclusion of law to which no response is required. To the extent that a response is necessary, Defendant denies the allegations set forth therein.

49.     The allegations in Paragraph 49 of the Complaint constitute conclusion of law to which no response is required. To the extent that a response is necessary, Defendant denies the allegations set forth therein.

50.     The allegations in Paragraph 50 of the Complaint constitute conclusion of law to which no response is required. To the extent that a response is necessary, Defendant denies the allegations set forth therein.

51.     Defendant denies the allegations set forth in Paragraph 51 of the Complaint.

## AS TO "FIRST CAUS OF ACTION
## VIOLATIONS FO THE ADA, 42 U.S.C. §12101 *et seq.*"

52.     Defendant restates and incorporates its Answers to Paragraphs 1 through 51 as though set forth at length herein in response to the allegations in Paragraph 52 of Plaintiff's Complaint.

53.     Defendant denies the allegations in Paragraph 53 of Plaintiff's Complaint as conclusions of law to which no response is required.  To the extent a response is deemed to be required, the allegations in Paragraph 53 of Plaintiff's Complaint are denied.

54.     Defendant denies the allegations in Paragraph 54 of Plaintiff's Complaint as conclusions of law to which no response is required.  To the extent a response is deemed to be required, the allegations in Paragraph 54 of Plaintiff's Complaint are denied.

55.     Defendant denies the allegations in Paragraph 55 of Plaintiff's Complaint as conclusions of law to which no response is required.  To the extent a response is deemed to be required, the allegations in Paragraph 55 of Plaintiff's Complaint are denied.

56.     Defendant denies the allegations in Paragraph 56 of Plaintiff's Complaint as conclusions of law to which no response is required.  To the extent a response is deemed to be required, the allegations in Paragraph 56 of Plaintiff's Complaint are denied.

57.     Defendant denies the allegations in Paragraph 57 of Plaintiff's Complaint as conclusions of law to which no response is required.  To the extent a response is deemed to be required, the allegations in Paragraph 57 of Plaintiff's Complaint are denied.

58.     Defendant denies the allegations in Paragraph 58 of Plaintiff's Complaint as conclusions of law to which no response is required.  To the extent a response is deemed to be required, the allegations in Paragraph 58 of Plaintiff's Complaint are denied.

59.     Defendant denies the allegations set forth in Paragraph 59 of the Complaint.

## AS TO "SECOND CAUSE OF ACTION
### VIOLATIONS OF THE NYCHRL"

60.     Defendant restates and incorporates its Answers to Paragraphs 1 through 59 as though set forth at length herein in response to the allegations in Paragraph 60 of the Complaint.

61.     Defendant denies the allegations in Paragraph 61 of Plaintiff's Complaint as conclusions of law to which no response is required.  To the extent a response is deemed to be required, the allegations in Paragraph 61 of Plaintiff's Complaint are denied.

62.     Defendant denies the allegations in Paragraph 62 of Plaintiff's Complaint as conclusions of law to which no response is required.  To the extent a response is deemed to be required, the allegations in Paragraph 62 of Plaintiff's Complaint are denied.

63.     Defendant denies the allegations in Paragraph 63 of Plaintiff's Complaint as conclusions of law to which no response is required.  To the extent a response is deemed to be required, the allegations in Paragraph 63 of Plaintiff's Complaint are denied.

64.     Defendant denies the allegations in Paragraph 64 of Plaintiff's Complaint as conclusions of law to which no response is required.  To the extent a response is deemed to be required, the allegations in Paragraph 64 of Plaintiff's Complaint are denied.

65.     Defendant denies the allegations in Paragraph 65 of Plaintiff's Complaint as conclusions of law to which no response is required.  To the extent a response is deemed to be required, the allegations in Paragraph 65 of Plaintiff's Complaint are denied.

66.     The allegations in Paragraph 66 of the Complaint, including subparagraphs (a) through (c), constitute conclusion of law to which no response is required. To the extent that a response is necessary, Defendant denies the allegations set forth therein.

67.     Defendant denies the allegations set forth in Paragraph 67 of the Complaint.

68.     Defendant denies the allegations set forth in Paragraph 68 of the Complaint.

69.     Defendant denies the allegations set forth in Paragraph 69 of the Complaint.

70.     Defendant denies the allegations set forth in Paragraph 70 of the Complaint.

71.     Defendant denies the allegations set forth in Paragraph 71 of the Complaint.

72.     Defendant denies the allegations set forth in Paragraph 72 of the Complaint.

## AS TO "THIRD CAUSE OF ACTION
## DECLARATORY RELIEF"

73.     Defendant restates and incorporates its Answers to Paragraphs 1 through 72 as though set forth at length herein in response to the allegations in Paragraph 73 of Plaintiff's Complaint.

74.     Defendant denies the allegations set forth in Paragraph 74 of the Complaint.

75.     Defendant denies the allegations set forth in Paragraph 75 of the Complaint.

## AS TO "PRAYER FOR RELIEF"

To the extent not otherwise denied, Defendant denies Plaintiff is entitled to any relief or remedy specified in the "Wherefore" clauses set forth in the Complaint, including subparagraphs (a) through (h) alleged therein.

## AS TO "JURY DEMAND"

Defendant denies the allegations set forth in the unnumbered Paragraph of the Complaint and avers Plaintiff is not entitled to a trial by jury.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant states the following defenses, without assuming the burden of proof on such defense that would otherwise rest with Plaintiff.  Defendant also reserves the right to assert such additional defenses that may become applicable during the course of litigation.

9

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint as a whole and each, and every purported cause of action alleged therein, fail to state facts sufficient to constitute a claim against Defendant.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because his claims are barred by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, as neither the ADA, nor the regulations the DOJ has promulgated to date under the ADA, specifically address access to websites.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred as the Website alleged in the Complaint is  not a place of public accommodations as the term is defined by 42 U.S.C. § 12182.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, as Defendant has made alterations to the Website in accordance with the ADA such that, to the maximum extent feasible, the Website is readily accessible to, and usable by, individuals with disabilities, including individuals who are visually impaired.  Any additional alterations are technically infeasible.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, as the purported barriers are *de minimis* and/or within conventional industry tolerances.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, for failure to join an indispensable party.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to pursue his alleged claims.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of mootness.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent the Website provides equivalent or greater accessibility to Plaintiff and persons with disabilities.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant is not obligated to make any alterations sought by Plaintiff that would result in a fundamental alteration in the nature of Defendant's services, programs, or activities subjecting Defendant to undue financial and administrative burdens, or would require structural changes in existing facilities where other methods are effective to achieve compliance under Title III of the ADA and/or applicable state and local public accommodation laws.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, laches, unclean hands, and/or estoppel.

## THIRTEENTH AFFIRMATIVE DEFENSE

Any alleged wrongful acts or omissions performed by Defendant or its agents, if any, which Defendant denies, do no subject Defendant to liability because Defendant was ready and willing to accommodate Plaintiff's alleged disability by providing access via alternative methods, but Plaintiff never asked for or sought any such assistance.

## FOURTEENTH AFFIRMATIVE DEFENSE

Insofar as Defendant has not made changes to its website, which Plaintiff contends should have been made as alleged in the Complaint, those changes were and are not required under federal law, and any requirements to make those changes would impose an undue burden on Defendant.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Defendant was willing to make reasonable modifications to its policies, practices, and/or procedures to accommodate Plaintiff's alleged disability but Plaintiff never asked for or sought such assistance.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred and/or subject to transfer in whole or in part, because they have been filed in an inconvenient forum or forum *non conveniens*.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to amend these defenses or assert any additional defenses that further investigation and discovery may reveal to be applicable.

**WHEREFORE**, having fully answered and responded to the averments of Plaintiffs' Complaint, Defendant respectfully requests that:

(a)     Plaintiff's claims be dismissed with prejudice and in their entirety;

(b)     Each and every prayer for relief set forth in the Complaint be denied;

(c)     Judgment be entered in favor of Defendant;

(d)     All costs, including reasonable attorneys' fees, be awarded to Defendant and against Plaintiff pursuant to applicable laws; and

(e)     Defendant be granted such other relief as this Court may deem just and

proper.

Dated:      October 3, 2022
            New York, New York

                              Respectfully Submitted:
                              JACKSON LEWIS P.C.
                              44 South Broadway, 14th Floor
                              White Plains, New York 10601
                              (914) 872-8060

                    By:      _/s/Jason Mattar_____
                              Joseph J. Lynett
                              Jason Mattar


                              *Attorneys for Defendant*

                              4871-3115-3462, v. 1

13